UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

DEC 2 1 2010
DEC 21 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Shance O. Dalton

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Edwin R. McCullough

10 C 8110
Judge Blanche M. Manning
Magistrate Judge Sheila M. Finnegan

_____

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

**CHECK ONE ONLY:**

_____ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

__X__ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: Shance O. Dalton

   B. List all aliases: _____

   C. Prisoner identification number: 14364-026

   D. Place of present confinement: United States Penitentiary Lompoc

   E. Address: 3901 Klein Blvd, Lompoc California 93436

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A. Defendant: Edwin R. McCullough

   Title: Attorney at Law

   Place of Employment: Suite 602 19 South LaSalle Street. Chicago, IL 60603

   B. Defendant: _____

   Title: _____

   Place of Employment: _____

   C. Defendant: _____

   Title: _____

   Place of Employment: _____

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

   A. Name of case and docket number: _____
   _____

   B. Approximate date of filing lawsuit: _____

   C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
   _____
   _____
   _____

   D. List all defendants: _____
   _____
   _____
   _____

   E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

   F. Name of judge to whom case was assigned: _____
   _____

   G. Basic claim made: _____
   _____
   _____

   H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
   _____
   _____

   I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1.) On 11-12-2008, the United States Appellate Court for the 7th Circuit, appointed Edwin R. McCullough to represent the plaintiff Shanee O. Dalton.

2.) In December of 08 Mr. McCullough contacted the plaintiff, and notified the plaintiff, that the courts had appointed him to the plaintiffs appellate case number 08-2942. Mr. McCullough advised the plaintiff to send him any information, that might help him with the plaintiffs case. The plaintiff sent Mr. McCullough information about his case, and pointed out to Mr. McCullough that he was re-sentenced improperly, the courts did not have the jurisdiction to resentence the plaintiff, and that the plaintiffs 10-26-06 Federal Plea agreement case no. 06-cr-20019, did not obligate the plaintiff to cooperate in any form or fashion, with the State of Illinois, its courts, or law enforcement officials.

3.) In response to the information the plaintiff sent

Mr. McCullough regarding his case, Mr. McCullough mailed the plaintiff a letter that stated "I do not think that the judge twisted your plea agreement, It was a condition of your plea agreement to testify for the state of Illinois, You cannot give false information and go unpunished, therefor I think your sentence is correct."

(4.) After the plaintiff received Mr. McCullough's response, he requested that Mr. McCullough withdraw from his case, due to lack of concern, and interest towards the plaintiffs case.

(5.) When the plaintiff failed to get a response from Mr. McCullough, regarding his request that Mr. McCullough withdraw from his case as counsel, the plaintiff then filed a pro se motion with the 7th Circuit appellate court, to have Mr. McCullough removed from his case, for lack of concern and interest.

(6.) Instead of Mr. McCullough requesting that the courts remove him from the plaintiffs case, to avoid future conflicts of interest, In March of 2009, Mr. McCullough filed an Anders Brief with the 7th Circuit appellate court, stating that the plaintiffs grounds for appellate review were

5

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would like for the courts to order that Edwin R. McCullough pay Monetary damages in the sum of two million dollars, for the physchological, and emotional damages, caused by malpractice, and the unethical ways, Mr. McCullough handle my appellate review. I also ask that the courts hold Mr. McCullough responsible for his false facts given to the courts in my case as well.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this December day of 10 , 20 10

_____
(Signature of plaintiff or plaintiffs)

Shance O. Dalton
(Print name)

14364-026
(I.D. Number)

USP Lompoc
3901 Klein Blvd.
Lompoc, California 93436
(Address)

6

Revised 9/2007

Attachment (1.)

IV. Statement of Claim

both frivolous and without any merit, and that he be allowed to withdraw as counsel, and that the plaintiffs appellate review be terminated. Mr. McCullough included false facts in his Anders Brief, and used case laws that had nothing to do with the defendants case, or terms of his federal Plea agreement.

(7.) In response to Mr. McCulloughs Anders brief, the courts ordered that the plaintiffs appellate process be suspended, until the plaintiff responded to Mr. McCulloughs Anders brief. The plaintiffs rights to counsel were also suspended, and the plaintiff was left to respond on his own. This led the plaintiff and his family to believe, that he was stuck with a improper sentence. The plaintiff was then forced to argue the words of a proffissional attorney at Law, with no law exsperience, no law references, and no right to an attorney to help aid the plaintiff in his argument to Mr. McCulloughs Anders Brief.

(8.) On 6-26-09 the plaintiff submitted a brief in response to Mr. McCulloughs Anders Brief. In this brief the plaintiff pointed out Mr. McCulloughs false facts included in his Anders Brief, that the district court could not alter a sentence once it's imposed.

(9.) On 8-16-09 the 7th Circuit appeals court filed an Order Stating that Mr. McCulloughs Anders brief was denied. Although Mr. McCullough stated in his brief, that my appellate review was frivolous and without merit, the courts found that there were non-frivolous issues in my case,

Attachment ②

IV. Statement of Claims

that my plea agreement was silent as to any obligations to Illinois state court, and that the district court did not have the jurisdiction to alter my sentence once it was imposed.

10.) On 11-14-09 the Government filed a motion to vacate the plaintiffs 7-31-08 441 month sentence, and reimpose the plaintiffs 4-24-07 262 month sentence. The 7th Circuit appeals court granted this motion based on the fact that the district court lacked jurisdiction to alter the plaintiffs sentence, and remanded the case back to the district court, with instruction to vacate the 7-31-08 sentence, and reimpose the 4-24-07 sentence.

11.) On 1-29-2010 the U.S District Court for the Central district of Illinois (Urbana) Judge Michael P. McCuskey, vacated the plaintiffs 7-31-08 441 month sentence, and reimposed the original 4-24-07 262 month sentence, pursuant to 7th Circuit appeals court mandate (#56).

12.) Mr. McCullough was appointed by the courts to help the plaintiffs case. Mr. McCullough had access to the same case laws, that the courts used to ultimately reverse the plaintiffs improper sentence, but instead of using these case laws to help the plaintiff, Mr. McCullough went out of his ethical duties of a lawyer, used false information, and other forms of malpractice, in an attempt, to assure that the plaintiff was to remain with an unjust, improper sentence by the district court, that would have required the plaintiff to spend an additional 179 months or almost 15 years in