# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8110 | **DATE** | December 23, 2010 |
| **CASE TITLE** | Shance O. Dalton (#14364-026) vs. Edwin R. McCullough | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable claim. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the trust fund officer at the U.S. Penitentiary in Lompoc, California. This dismissal is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, a federal prisoner, has brought this *pro se* civil rights action presumably pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff sues his former appellate counsel for legal malpractice and ineffective representation in connection with Plaintiff's direct appeal of his criminal conviction. *See United Sates of America v. Dalton*, Case No. 06 CR 20019 (C.D. Ill.), App. No. 08-2942 (7th Cir.).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $41.40. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable claim. Plaintiff may not collaterally challenge the quality of his representation in a criminal case by way of a civil rights action.

Plaintiff contends that his attorney committed legal malpractice by: (1) misreading the case record; (2) refusing to withdraw from the case; (3) filing an "*Anders*" brief certifying that there was no meritorious basis for appeal; and (4) making false representations to the U.S. Court of Appeals for the Seventh Circuit. However, even assuming (without finding) that Defendant's alleged actions violated professional ethics and/or breached a legal obligation, Plaintiff cannot recover damages from him in federal court.

The Civil Rights Act, 42 U.S.C. § 1983, is the federal counterpart to a *Bivens* action. *See, e.g., Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004). In order to be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). But defense attorneys are not considered state officials for purposes of Section 1983 litigation. Defense attorneys, whether public defenders paid and ultimately supervised by the State or privately retained counsel, are not "state actors" in providing legal representation to criminal defendants and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Logan v. Laterzo*, 24 Fed. Appx. 579, 582 (7th Cir. 2001). "[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner[], the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 330 n. 6 (1983). [There is an exception when a plaintiff alleges and proves a conspiracy with state actors. *Tower v. Glover*, 467 U.S. 914, 923-24 (1984). However, there is no such allegation in the case at bar, where Plaintiff simply asserts a deficient performance.]

For the same reasons a state prisoner could not mount a 1983 action against his defense attorney, Plaintiff's *Bivens* claim fails as a matter of law. Because Defendant was neither a federal officer nor acting under color of federal law in providing legal assistance to Plaintiff, the complaint fails to state a cognizable *Bivens* claim against her. *See Richards v. Flynn*, 263 Fed. Appx. 496, *1 (7th Cir. 2008) (affirming *sua sponte* dismissal of *Bivens* action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of law); *Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant a federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public **(CONTINUED)**

| STATEMENT (continued) |
|---|

defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding").

Furthermore, the Court discerns no actual injury to Plaintiff: Plaintiff admits that the U.S. Court of Appeals found that the appeal was "frivolous and without merit" but for a sentencing issue. *See* Complaint, ¶¶ 9-11. Plaintiff contends that the "unjust, improper," original sentence by the district court "would have required the plaintiff to spend an additional 19, or almost 15 years, in prison," *see* ¶ 12, but the fact remains that the U.S. Court of Appeals ultimately invalidated that sentence. The Court does not understand what harm Defendant caused. Plaintiff is not entitled to damages for an injury that might have occurred but did not.

If Plaintiff is saying that a more competent attorney would have been able to reverse the conviction in its entirety, than any such claim for damages for allegedly wrongful incarceration caused by ineffective assistance of counsel is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The *Heck* doctrine likewise applies to *Bivens* claims. *See Edwards v. Balisok*, 520 U.S. 641, 645-47 (1997); *accord, Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Plaintiff may not contest the validity of his conviction by way of a civil rights action, and a finding that better representation would have resulted in a reversal of the conviction would necessarily call into question the legality of Plaintiff's conviction.

While the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for suit, such as the implication of another federal statute or diversity jurisdiction.

Furthermore, Plaintiff appears to have no cognizable claim for legal malpractice, irrespective of diversity pleading concern. Under Illinois law, a criminal defendant who has not succeeded in collaterally attacking his conviction cannot maintain an action for legal malpractice against his defense counsel. "In the case of a malpractice action brought against a criminal defense attorney, the plaintiff has the additional burden of proving his innocence of the crime for which the defendant represented him." *Woidtke v. St. Clair County, Illinois*, 335 F.3d 558, 562 (7th Cir. 2003), *citing Moore v. Owens*, 298 Ill. App. 3d 672 (1998) (holding that a plaintiff must prove "actual innocence" in a malpractice action against his criminal defense counsel); *Kramer v. Dirksen*, 296 Ill. App. 3d 819 (1998) (holding that a plaintiff must prove his own innocence before he may recover for his criminal defense attorney's malpractice); *Levine v. Kling*, 123 F.3d 580, 582 (7th Cir. 1997) (holding that, under Illinois law, a plaintiff suing his former appellate defense counsel must prove his own innocence and that a plaintiff is precluded from doing so under *Heck* if the conviction has not been overturned). Unless and until Plaintiff's conviction is invalidated, he cannot sue his attorney for malpractice.

**(CONTINUED)**

**STATEMENT (continued)**

For the foregoing reasons, this suit is summarily dismissed on initial review for failure to state a viable claim. Plaintiff's motion for appointment of counsel is denied as moot. Dismissal is without prejudice to filing a motion attacking his sentence under 28 U.S.C. § 2255, assuming Plaintiff has not already done so. If Plaintiff **has** already filed a Section 2255 petition, the U.S. Court of Appeals must authorize a second or successive motion. *See* 28 U.S.C. § § 2244 and 2255(h).

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."